[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14004
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2010
JOHN LEY
CLERK

Agency Nos. A088-488-390,
A088-488-386

HOPE KAREKEZI,
ANDY MATHE,
SHAMMAH AIMEE KAREKEZI,
THULANI NKOSANA MATHE,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 25, 2010)

Before DUBINA, Chief Judge, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner Hope Karekezi, her sons, Andy Mathe and Thulani Nkosana Mathe, and her daughter, Shammah Aimee Karekezi, through counsel, seek review of a decision of the Board of Immigration Appeals ("BIA"), affirming the immigration judge's ("IJ's") order dismissing their application for asylum[1] and withholding of removal.[2] In her appeal, Karekezi argues that the BIA erred in finding that she had not suffered past persecution. She asserts that the BIA did not consider the cumulative effect of the incidents on her and her family, which included more than a few isolated incidents of verbal harassment or intimidation. She next contends that the IJ applied an incorrect standard for finding that she did not have a well-founded fear of future persecution. Karekezi asserts that the BIA erred in finding that she failed to demonstrate that she was unable or unwilling to avail herself of the protections of the South African police and the United Nations High Commission for Refugees.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, because the BIA did not expressly adopt

---

[1] Although Karekezi's sons and daughter are also named petitioners, their claims are based on derivative status. Accordingly, the petitioners will collectively be referred to as "Karekezi."

[2] Karekezi has abandoned her claim for withholding of removal because she does not challenge the BIA's denial on appeal. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

the IJ's order, we review the BIA's order. We review the BIA's legal determinations *de novo*. *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1256 (11th Cir. 2007).

We review the BIA's factual determinations under the substantial evidence test and will affirm if the decision "is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* at 1256 (internal quotation marks omitted). Under the substantial evidence test, we can reverse a finding of fact by the BIA "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*).

An alien who arrives in or is present in the United States may apply for asylum. *See* INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The U.S. Attorney General or the Secretary of the Department of Homeland Security has discretion to grant asylum if the alien meets the INA's definition of "refugee." *See* INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is:

> any person who is outside any country of such person's nationality . . . , and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

3

INA § 101(a)(42)(A); 8 U.S.C. § 1101(a)(42)(A).

"To establish asylum [eligibility] based on past persecution, the applicant must prove (1) that she was persecuted, and (2) that the persecution was on account of a protected ground." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006); *see also* 8 C.F.R. § 208.13(b).

In determining whether the applicant has suffered past persecution, the BIA must consider the cumulative impact of the alleged incidents of persecution. *Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 861 (11th Cir. 2007). While the INA does not define "persecution," we have indicated that it is an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." *Sepulveda*, 401 F.3d at 1231 (internal quotation marks omitted). In other words, "mere harassment does not amount to persecution." *Id.* (internal quotation marks and alteration omitted).

A showing of past persecution creates a rebuttable presumption of a well-founded fear of future persecution. *Sepulveda*, 401 F.3d at 1231. However, if an alien has not established past persecution, she bears the burden of proving that she has a well-founded fear of future persecution by showing that: (1) the applicant fears persecution in her country on account of a protected ground; (2) there is a reasonable possibility that she will suffer such persecution if she were to return to her country; and (3) she is unable or unwilling to avail herself of the protection of

her country because of such fear. *Zheng v. U.S. Att'y Gen.*, 451 F.3d 1287, 1291 (11th Cir. 2006) (citing 8 C.F.R. § 208.13(b)(2)(i)). A "well-founded fear of future persecution" must be both "subjectively genuine and objectively reasonable." *Silva*, 448 F.3d at 1236 (quoting *Al Najjar*, 257 F.3d at 1289).

An asylum applicant can establish a well-founded fear of future persecution by presenting "specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution on account of" the statutorily listed factor. *Al Najjar*, 257 F.3d at 1287 (internal quotation marks omitted). Alternatively, an applicant can establish a well-founded fear of persecution by establishing that there is a pattern or practice of persecution of persons similarly situated on account of the statutorily listed factor. 8 C.F.R. § 208.13(b)(2)(iii).

We conclude from the record that substantial evidence supports the BIA's determination that Karekezi did not suffer past persecution in South Africa because the telephone calls and letters that she received, along with the two visits to her mother by strange men, an incident where a man aggressively approached her outside of her home, and an incident where two strange men went to her daughter's school did not rise to the level of persecution. Contrary to Karekezi's contention, the BIA considered the cumulative effects of the facts of her case. Moreover, because we review only the BIA's decision in which it applied the proper standard

5

for determining whether Karekezi had a well-founded fear of future persecution, we will not review the IJ's reasons for denying Karekezi's application for asylum.

We also conclude from the record that substantial evidence supports the BIA's determination that Karekezi did not have an objectively reasonable fear of future persecution because she has not received any threats, verbal or otherwise, since arriving in the United States, and she failed to demonstrate that there was a reasonable possibility that she will be persecuted upon return to South Africa. Because Karekezi has failed to demonstrate that there is a reasonable possibility that she will be persecuted upon return to South Africa, she has failed to demonstrate that she is unable or unwilling to avail herself of the protections of the pertinent authorities in South Africa.

For the above-stated reasons, we deny Karekezi's petition for review.

**PETITION DENIED.**