[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14026
Non-Argument Calendar
_____

Agency No. A088-488-386


HOPE KAREKEZI,
ANDY MATHE,
SHAMMAH AIMEE KAREKEZI,
THULANI NKOSANA MATHE,

                                                                Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                                Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 16, 2020)

Before ROSENBAUM, BRANCH and LAGOA, Circuit Judges.

PER CURIAM:

Hope Karekezi,[1] a native and citizen of South Africa, seeks our review of the Board of Immigration Appeals' ("BIA") denial of her third motion to reopen her removal proceedings.  Karekezi argues that the BIA abused its discretion when it refused to reopen the proceedings based on (1) its *sua sponte* authority or (2) on the changed country conditions and new material facts not previously available. She further argues that she was deprived of procedural due process as "[t]he failure to receive relief, in this case, amounts to a deprivation of a liberty interest." Because we lack jurisdiction over part of her petition and the BIA did not abuse its discretion in denying the motion to reopen, we dismiss the petition in part and deny it in part.

## I.    Background

Karekezi and her three children entered the United States from South Africa in July 2007.  Upon arrival at Hartsfield-Jackson International Airport in Atlanta, Georgia, she told authorities that she came to the United States to apply for asylum.  In August 2007, the Department of Homeland Security ("DHS") served her with a notice to appear that charged her with inadmissibility to the United States as: (1) an alien who, by fraud or willfully misrepresenting a material fact, sought to procure a visa or admission into the United States, in violation of 8

---

[1] Although Karekezi's three children, Andy Mathe, Shammah Karekezi, and Thulani Mathe, are also named as petitioners in this case, they sought relief strictly as derivatives of the asylum application underlying Karekezi's third motion to reopen.

U.S.C. § 1182(a)(6)(C)(i); and (2) an alien who at the time of application for admission, was not in possession of a valid, unexpired entry document, in violation of 8 U.S.C. § 1182(a)(7)(A)(i)(1).  She ultimately admitted the truth of the allegations and sought asylum and withholding of removal based on fear that she and her family were in danger if returned to South Africa.  Specifically, she asserted that she had received threats from what she believed were "Tutsi[] agents" related to her husband who is a Hutu from Rwanda and had refugee status in South Africa.  The immigration judge found Karekezi inadmissible as charged, denied her application for asylum and withholding of removal, and ordered her removed to South Africa.  The BIA affirmed that decision.  We subsequently denied her petition for review of the BIA's decision.  *See Karekezi v. U.S. Att'y Gen.*, 380 F. App'x 815 (11th Cir. 2010).  Nevertheless, the removal order was not executed and Karekezi and her children continued to live in the United States.

After two unsuccessful counseled motions to reopen the proceedings,[2] on November 28, 2018, Karekezi filed a third counseled motion to reopen entitled "sua sponte motion to reopen and stay of removal," requesting that the BIA reopen the proceedings due to changed country conditions, pursuant to 8 U.S.C. § 1229a(c)(7)(C)(ii), and the BIA's *sua sponte* authority, pursuant to 8 C.F.R.

---

[2] Karekezi previously filed a counseled motion to reopen on February 27, 2018, and October 15, 2018, respectively, which were denied by the BIA, and are not the subject of this appeal.

§ 1003.2(a).  As grounds for reopening, Karekezi asserted that: (1) one of her children had applied for adjustment of status as a special immigrant juvenile, and Karekezi should be permitted to remain in the United States with her child, and (2) the existence of changed country conditions, namely, that Hutu members—a group of which she would be considered a part because of her marriage to a Hutu—are being persecuted as a group in South Africa.  In support of her motion, Karekezi submitted an affidavit in which she asserted that she feared persecution, threats, and danger to her family if they are removed to South Africa due to continued assassinations of Rwandan refugees and xenophobic attacks in South Africa against immigrants and their families.  She also submitted documentary evidence, including news articles and country reports in support of her claims of continued attacks against immigrants in South Africa.

The BIA denied the motion, concluding that Karekezi had "raised similar arguments based on similar evidence in the initial removal proceedings" and failed to meet her burden of presenting new, material evidence of changed country conditions that demonstrates, if the proceedings were reopened, the new evidence would likely change the result.  Additionally, the BIA explained that *sua sponte* reopening was also not warranted based on Karekezi's child's pending Special Immigrant Juvenile Visa Petition.  This appeal followed.

4

## II.    Discussion

We first review *de novo* our subject matter jurisdiction. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). Generally, we cannot review decisions that are committed to the discretion of the BIA. *See* 8 U.S.C. § 1252(a)(2)(B) (providing that no court shall have jurisdiction to review discretionary denials of relief). The BIA has *sua sponte* authority to reopen or reconsider any case in which it has rendered a decision at any time. *See* 8 C.F.R. § 1003.2(a). However, "[t]he decision to grant or deny a motion to reopen . . . is within the discretion of the [BIA] . . . [and the BIA] has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." *Id.* Thus, we have repeatedly held that we lack jurisdiction to review a decision of the BIA not to exercise its authority to reopen proceedings *sua sponte*. *See, e.g.*, *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1286 (11th Cir. 2016); *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293–94 (11th Cir. 2008).

Despite this jurisdictional bar, we retain jurisdiction over constitutional claims and questions of law raised in a petition for review. *See* 8 U.S.C. § 1252(a)(2)(D) ("Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in

5

accordance with this section."); *see also Lenis*, 525 F.3d at 1294 n.7 ("We note, in passing, that an appellate court may have jurisdiction over constitutional claims related to the BIA's decision not to exercise its *sua sponte* power.").

Additionally, we have jurisdiction to review the denial of a motion to reopen that the BIA denied pursuant to the statutory requirements for a motion to reopen, even where the BIA also states that it will not exercise its *sua sponte* authority to reopen. *See Mata v. Lynch*, 135 S. Ct. 2150, 2154–55 (2015) (explaining that "[w]hether the BIA rejects the alien's motion to reopen because it comes too late or because it falls short in some other respect, the courts have jurisdiction to review that decision. Similarly, that jurisdiction remains unchanged if the [BIA], in addition to denying the alien's statutorily authorized motion, states that it will not exercise its separate *sua sponte* authority to reopen the case."); *see also Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 870–71 (11th Cir. 2018) (discussing *Mata* and this Court's jurisdiction in the context of a motion to reopen that was denied based on statutory grounds as well as the BIA's refusal to exercise its *sua sponte* authority).

The BIA's denial of a motion to reopen is reviewed for an abuse of discretion. *Ali v. U.S. Att'y Gen*, 443 F.3d 804, 808 (11th Cir. 2006). We limit our review "to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Id*.

6

(quoting *Abdi v. U.S. Att'y Gen.,* 430 F.3d 1148, 1149 (11th Cir. 2005)).

Generally, only one motion to reopen is allowed, and it must be filed within 90

days of the date of the final removal order. *See* 8 U.S.C. § 1229a(c)(6)(A),

(7)(C)(i).  Nevertheless, these time and numerical limitations do not apply if the

purpose of the motion to reopen is to reapply for asylum or withholding of removal

based on material evidence of changed country conditions in the country of

removal that could not have been produced at the previous hearing. *Id.*

§1229a(c)(7)(C)(ii).  However, "[a]n alien cannot circumvent the requirement of

changed country conditions by demonstrating only a change in her personal

circumstances." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).

A motion to reopen "shall state the new facts that will be proven at a hearing

to be held if the motion is granted and shall be supported by affidavits or other

evidentiary material." 8 U.S.C. § 1229a(c)(7)(A), (B). "The moving party bears a

heavy burden, as motions to reopen are disfavored, especially in removal

proceedings." *Zhang*, 572 F.3d at 1319 (internal citations omitted). To meet this

burden, the alien "must present evidence that demonstrates that, if the proceedings

were opened, the new evidence would likely change the result in the case." *Jiang*

*v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009).

Here, as an initial matter, to the extent Karekezi argues that the BIA abused

its discretion, or otherwise erred, in refusing to exercise its *sua sponte* authority to

7

reopen the proceedings, we lack jurisdiction to review this claim.  *See Butka*, 827 F.3d at 1286; *Lenis*, 525 F.3d at 1293–94.  And while we generally retain jurisdiction to review constitutional claims, Karekezi has provided no supporting argument or authority for her contention that the BIA violated her right to procedural due process.  Thus, we conclude she has abandoned this argument.[3] *See Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1145 (11th Cir. 2010) ("Generally, when an appellant fails to offer argument on an issue, that issue is deemed abandoned.  Passing references to issues are insufficient to raise a claim for appeal.").  Accordingly, the portion of her petition challenging the BIA's refusal to exercise its *sua sponte* authority to reopen the proceedings is dismissed.

We do, however, have jurisdiction to review the BIA's denial of her motion to reopen based on changed country conditions.  *See Mata*, 135 S. Ct. at 2154–55; *Bing Quan Lin*, 881 F.3d at 871.  The BIA reviewed the new evidence Karekezi submitted, but concluded that it did not demonstrate that, if the proceedings were reopened, the new evidence would likely change the result of the case.  This conclusion was not an abuse of discretion, particularly in light of the fact that

---

[3] Karekezi asserts that she was deprived of procedural due process as "[t]he failure to receive relief, in this case, amounts to a deprivation of a liberty interest."  Notably, even if she had sufficiently raised this claim on appeal, it would fail on the merits, as "[p]rocedural due process claims must assert a deprivation of a constitutionally protected liberty or property interest. And, we have previously held that there is 'no constitutionally protected interest in purely discretionary forms of relief[,]'" including motions to reopen.  *Bing Quan Lin*, 881 F.3d at 868–69.

Karekezi sought asylum and withholding of removal based on similar arguments and similar evidence during her initial removal proceedings, which the BIA determined did not establish a well-founded fear of future persecution and we affirmed. *See Karekezi*, 380 F. App'x at 818. Karekezi's supporting affidavit attached to her motion to reopen does not establish changed country conditions in South Africa, but instead shows that she faces the same fear of persecution that she did at the time of her initial removal hearing in 2007. Likewise, the news articles and other supporting documentation submitted by Karekezi did not demonstrate changed country conditions.[4] Indeed, none of those documents specifically discuss any violence directed toward Rwandan Hutus in South Africa. Rather, the documents refer to generalized xenophobic violence against foreign nationals in South Africa, which the documents indicate has been ongoing since the mid-1990's and early 2000's, with most of the recent violence directed at foreign nationals from Somalia, Bangladesh, Mozambique, Nigeria, Malawi, and Zimbabwe. Accordingly, Karekezi's evidence did not address prevailing conditions in South Africa with regard to Hutu refugees or their families, much less evince a change in those conditions. At most, the evidence demonstrated that

---

[4] We note that Karekezi's child's pending application for adjustment of status as a special immigrant juvenile could not serve as a change in circumstances for purposes of a motion to reopen the proceedings. *See Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009) ("An alien cannot circumvent the requirement of changed country conditions by demonstrating only a change in her personal circumstances.").

9

South Africa continues to experience xenophobic violence, a condition which existed at the time of Karekezi's initial removal proceedings. As such, the evidence failed to demonstrate "that, if the proceedings were opened, the new evidence would likely change the result of the case." *Jiang*, 568 F.3d at 1256–57. Accordingly, the BIA did not abuse its discretion in denying her third motion to reopen, and this ground of Karekezi's petition is denied.

**PETITION DISMISSED IN PART AND DENIED IN PART**